UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTOR ENRIQUE DIAZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) 2:13-cr-00029-GZS-3 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent | ) ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 909.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 915.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In April 2013, a grand jury indicted Petitioner for conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Superseding Indictment, ECF No. 156; Superseding Information, ECF No. 362; Waiver of Indictment, ECF No. 363.)[1] In October 2013, Petitioner pled guilty pursuant to a plea agreement. (Change of Plea Hearing, ECF No. 364; Plea Agreement, ECF No. 314, Plea

---
[1] Because Petitioner agreed to proceed under the superseding information by waiving indictment, the Court later dismissed the superseding indictment. (Order, ECF No. 372.)

Agreement Supplement, ECF No. 321.) The Court sentenced Petitioner to 188 months in prison. (Judgment, ECF No. 534, Amended Judgment, ECF No. 544.) Petitioner filed an appeal; the First Circuit affirmed in November 2014. (Notice of Appeal, ECF No. 540; Judgment of the Court of Appeals, ECF No. 754.)

Petitioner dated the current § 2255 motion on January 6, 2020, and the Court docketed it on February 18, 2020. (Motion, ECF No. 909.)

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly-

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims.² Because paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's amended judgment of conviction became final.³

The Court entered Petitioner's amended judgment of conviction on February 3, 2014. The First Circuit upheld the judgment on November 17, 2014. Petitioner then had ninety days to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13. Petitioner's judgment became final following the expiration of the ninety-day period on February 16, 2015. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires").⁴ The limitation period for filing a section 2255 motion to challenge

---

² To the extent Petitioner claims to have "found some proof[ ]"of Government misconduct, (Motion at 8), that allegation does not constitute newly discovered evidence supporting his claim. The evidence Petitioner points to is the drug quantity mentioned in the prosecution version of the offense, (ECF No. 289), which was lower than the quantity later attributed to him for purposes of the sentencing guidelines. That drug quantity discrepancy is not unusual given the broader definition of relevant conduct within the sentencing guidelines and the lower evidentiary standard for facts at sentencing than for facts at the guilt phase. The quantities at issue were also readily apparent at sentencing, even if Petitioner was not subjectively aware of the difference between the two numbers, the discrepancy could have been discovered with the exercise of diligence at that time. Moreover, even if a discrepancy like the one Petitioner raises could constitute newly discovered evidence, because the relevant numbers were evident at the time of sentencing at the very latest, that issue would not meaningfully alter the starting date for the limitations period.

³ The AEDPA restrictions are "interpreted with respect to the judgment challenged." *See Magwood v. Patterson*, 561 U.S. 320, 331–33, 338–39 (2010). Because the Court issued an amended judgment, it is generally the new "intervening judgment" that controls the analysis of the statute of limitations and second or successive petitions. *Id.*; *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (per curiam).

⁴ The ninety-day period expired on February 15, 2015, but because that was a Sunday, the time to seek a writ of certiorari ran through the next court business day, February 16, 2015. *See* S. Ct. Rule 30.1; Fed R. Civ. P. 6(a)(1)(C), 6(a)(3)(A).

the judgment expired one year later, on February 16, 2016. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted). Petitioner filed his motion in February 2020, approximately four years after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any circumstances warranting equitable tolling.[5]

---

[5] Petitioner attached an application he allegedly filed with the First Circuit to obtain permission to file a second § 2255 motion. (Application, ECF No. 909-1.) Under 18 U.S.C. § 3582(c), Petitioner previously filed two motions to reduce his sentence based on a guideline amendment, (Motions to Reduce Sentence, ECF Nos. 818, 899), but Petitioner has not filed a prior § 2255 motion. To the extent that the application to the First Circuit could be construed as an argument for equitable tolling of the statute of limitations, the argument fails because a motion to reduce a sentence generally does not toll the limitations period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (rejecting argument that litigation of § 3582(c) motion warrants tolling). Furthermore, even if Petitioner's motions could justify tolling the limitations period, the two motions combined were only pending for about two months. (Orders on Motions to Reduce Sentence, ECF Nos. 830, 901.) Petitioner must account for four years in order to excuse his late filing of the § 2255 motion.

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply, dismissal is warranted.[6]

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of June, 2021.

---

[6] At the same time the Court sentenced Petitioner in this matter, the Court sentenced Petitioner to a concurrent sentence of the same duration in the matter of *United States v. Diaz*, No. 2:13-cr-00072-GZS. Although Petitioner did not include 2:13-cr-00072-GZS on his motion, the number "2" appears just after the docket number on the motion, which suggests Petitioner might have intended to file the motion in both cases. To the extent Petitioner also intended to file the motion in 2:13-cr-00072-GZS, the same analysis would apply.

5